THE SACHEM COMPANY *vs.* FREDERICK W. ALLEN.

JUNE 16, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This action in assumpsit is before us on the plaintiff's exception to the denial of its motion to amend the declaration after the case had opened to the jury, and to the direction of a verdict for the defendant.

The declaration is in one count and sets forth the breach of an express agreement to subscribe and pay for stock of the plaintiff corporation. The defendant and two others were the incorporators of the company and each subscribed for twenty shares of its stock, representing individual investments of two thousand dollars. The undisputed evidence shows that each subscriber paid in his two thousand dollars. There was evidence, however, that some time after this money had been paid, the defendant, who was the treasurer of the corporation, withdrew two thousand dollars from the corporate funds, claiming that he had advanced that sum as a loan to the corporation. The case was closed without the defendant offering any evidence in

his behalf. Our examination of the transcript discloses evidence tending to show that the corporation never borrowed money from the defendant, but that the defendant, by changing his mind as to the real nature of the original transaction, sought to revoke by subterfuge what was otherwise an executed contract for the purchase of stock.

During the course of the trial the plaintiff moved to amend his declaration by adding thereto the common counts. The motion was denied by the trial justice, to which ruling the plaintiff duly excepted. A party has not the right to amend the pleadings as of course after the case has opened to the jury. *Sarcione* v. *The Outlet Co.*, 53 R. I. 76; *Hall* v. *Greene*, 24 R. I. 286. The matter of amendment under such circumstances rests in the discretion of the court. *Sweeney* v. *McKendall*, 32 R. I. 347; *Mockel* v. *Pawtucket Gas Co.*, 48 R. I. 485. In the instant case, we find no such abuse of discretion as would warrant our interfering with the decision of the trial justice.

The defendant's motion for a directed verdict was properly granted under the pleadings and proof before the court. The single count in the declaration alleges the breach of an express agreement to pay for stock that the defendant agreed to take, and the evidence clearly establishes that the defendant did in fact pay for that stock. The plaintiff, who may seek his remedy in some other proceeding, has no reason to complain against the action of the superior court in directing a verdict for the defendant under these circumstances.

All the plaintiff's exceptions are overruled and the case is remitted to the superior court for the entry of judgment upon the verdict.

*Nelson J. Conlong,* for plaintiff.

*Hartigan, Mullen & Roberts, John E. Mullen, Wilfred E. McKenna,* for defendant.